United States District Court
Southern District of Texas
**ENTERED**
May 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GABRIEL BRANDON GARZA, <br> "Plaintiff," <br><br> v. <br><br> UNITED PARCEL SERVICE, INC. <br> "Defendant." | § <br> § <br> § <br> § <br> §    Civil Action No. 1:23-cv-00097 <br> § <br> § <br> § |

## ORDER

Before the Court is the "Magistrate Judge's Report and Recommendation" (Dkt. No. 67) ("R&R"), Defendant's "Objections to Report & Recommendation on UPS' Rule 12(C) Motion for Judgment on the Pleadings" (Dkt. No. 68) ("Defendant's Objections"), and Plaintiff's "Objections to Report and Recommendation" (Dkt. No. 69) ("Plaintiff's Objections"). Upon a de novo review, the Court partially adopts the R&R (Dkt. No. 69).

### I. BACKGROUND

This is a disability discrimination case under Chapter 21 of the Texas Labor Code ("TCHRA"). Dkt. No. 11; Tex. Labor Code § 21.001. Plaintiff's complaint can be broken down into three claims: (1) failure to hire or promote to non-driver positions; (2) failure to hire or promote to driver positions; and (3) failure to provide reasonable accommodations. Dkt. No. 11 p. 6-9. Plaintiff has voluntarily abandoned the claim for failure to hire or promote non-driver positions. Dkt. No. 37 p. 23. Thus, only the latter two claims are at issue.

### II. LEGAL STANDARD

If a party objects to a magistrate's ruling the district court will review that determination de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

### III. DISCUSSION

Defendant first objects to the Magistrate's finding that Plaintiff "has exhausted his administrative remedies." Dkt. No. 67 p. 10. This Court addresses this objection in two parts—first as to Plaintiff's failure to hire or promote claim and second as to Plaintiff's failure to accommodate claim.

The filing of an EEOC charge is a prerequisite to bringing claims under the Americans with Disabilities Act ("ADA"). *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996) (per curiam). Failure to do so is grounds for dismissal on the merits. *Id.* Under *Morgan*, the Supreme Court held that litigants must file their EEOC charge within 300 days of the date of any alleged discrete act or lose the ability to recover for it. *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002). "Discrete acts" refer to decisions that occur on a date certain—such as a decision not to promote. *Id.* at 114. An exception applies to hostile work environment claims, because those claims manifest over time. *Id.* at 115.

The Fifth Circuit has repeatedly held that a failure to promote is a discrete act which requires the litigant to file a supplemental claim, or at the very least, amend their original EEOC charge. See *Grice v. FMC Technologies Inc.*, 216 F. App'x 401, 407 (5th Cir. 2007). Plaintiff admits that his last EEOC filing was June 15, 2021, and that it has not been amended or supplemented. Dkt. No. 37 p. 18. Instead, Plaintiff argues that this Court should apply the continuous violation doctrine to its failure to promote claims because of Defendant's discriminatory policy (refusing to accept deaf drivers…). Dkt. No. 37 p. 11; Dkt. No. 37-4.

The Fifth Circuit has rejected the continuous violations doctrine in failure to promote cases—even where there is a policy of discrimination. *Celestine v. Petroleos de Venez. SA*, 266 F.3d 343, 352 (5th Cir. 2001). Defendant's policy supports Plaintiff's claims of discrimination in Defendant's hiring and promotion decisions, but it does not transform the nature of those decisions from discrete acts. Each time Plaintiff was denied a promotion started a new clock for filing charges alleging that act. Thus, Defendant's Objection One is **SUSTAINED in part**.

Defendant also claims that Plaintiff did not exhaust their claim for being denied an interpreter to accommodate him in his preloader position for training and safety issues. An ADA action is generally limited to the scope of the plaintiff's EEOC charge and the EEOC investigation that can reasonably be expected to grow out of it. *Williamson v. AM. Nat. Ins. Co.*, 695 F. Supp. 2d 431, 445 (S.D. Tex. 2010). Since most EEOC charges are filed by lay persons, they are broadly construed and generally need only to allege *some* facts supporting their claims. See *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463-65 (5th Cir. 1970).

Plaintiff states in his EEOC Charge that he was "denied the opportunity to even hear about promotions…" and that he was denied "reasonable accommodations because of my disability, deafness." Dkt. No. 37-1. These allegations, taken together, make an investigation into *how* he was

2

being denied the opportunity to hear about promotions reasonable. The denial of information could take the form of a failure to translate or provide an interpreter. Thus, Defendant's Objection One is **OVERRULED in part.**

Defendant next objects to the Magistrate's finding that "Defendant waived its arbitrary and capricious defense." (reworded) Dkt. No. 67 p. 28. This issue has been rendered moot by this Court's ruling on Defendant's first objection. No claims remain in which Defendant's "arbitrary and capricious defense" would apply. Thus, Defendant's Objection Two is **OVERRULED.**

Finally, Defendant objects to the Magistrate's finding that "Plaintiff has pleaded enough facts to plausibly support his reasonable accommodations claims." Dkt. No. 67 p. 28. Defendant argues that Plaintiff did not state a plausible claim for accommodations because Defendant was not required to provide an interpreter. Based on Plaintiff's pleadings, Defendant refused to provide *any* accommodations—such as an interpreter—that would allow Plaintiff access to information widely available to non-disabled employees. Dkt. No. 11 p. 6. Defendant's argument merely creates a dispute of material fact.

The rest of Defendant's argument assumes that Plaintiff's claims for failure to promote will be dismissed. As explained below, Plaintiff's failure to promote claims from August 19, 2020, through June 15, 2021, remains pending.. Thus, Defendant's Objection Three is **OVERRULED.**

Plaintiff objects to the Magistrate's finding that "Plaintiff was not qualified to be a driver before June 2022." Dkt. 67 p. 10. The Magistrate ruled that Plaintiff was not qualified because he did not possess a DOT card before June 2022. Plaintiff argues that he was qualified for the position because a DOT card was not part of the promotion criteria but was instead part of the onboarding process. And, if promoted, Plaintiff would have successfully obtained the DOT card during the onboarding process—as demonstrated by Plaintiff's success in obtaining the DOT card in June 2022.

This Court agrees with Plaintiff that this case is distinguished from prior 5th Circuit precedent. In prior cases where plaintiffs were found to be unqualified, the issue was their failure to meet the requirements necessary to obtain or renew a DOT card *after* they were selected as a driver. See *Williams v. J.B. Hunt Transp., Inc.*, 826 F.3d 806, 808 (5th Cir. 2016). None of these cases dealt with a situation in which a plaintiff did not possess a DOT card *prior* to being selected as a driver. This is because obtaining a DOT card is often part of the onboarding process—as is the case here.

3

This argument is bolstered by *Texas Bus Lines*, where an employee was found to be qualified under the ADA despite lacking a DOT card. *E.E.O.C. v. Texas Bus Lines*, 923 F. Supp. 965, 971 (S.D. Tex. 1996). There, the Court found that the employee should have been issued a DOT card and only lacked one because of a mistake by the medical examiner. *Id.* This ruling supports the proposition that qualification is determined by one's *ability* to obtain a DOT card, not their actual possession of a DOT card. Thus, Plaintiff's Objection is **SUSTAINED**.

### IV. CONCLUSION

For these reasons, Defendant's Objection One (Dkt. No. 68) is **SUSTAINED** in part and **OVERRULED** in part, Defendant's Objections Two and Three are **OVERRULED**; and Plaintiff's Objection (Dkt. No. 69) is **SUSTAINED**. The R&R (Dkt. No. 67) is partially **ADOPTED**. The Court **GRANTS** Defendant's "Rule 12(C) Motion for Judgment on the Pleadings" (Dkt. No. 33), but limited to the following:

1. Non-driver hiring and promotion claims;
2. Driver hiring and promotion claims arising before August 19, 2020, and after July 15, 2021;
3. Accommodation claims arising before August 19, 2020.

The above three Plaintiff's claims are **DISMISSED**.

Defendant's "Rule 12(C) Motion for Judgment on the Pleadings" (Dkt. No. 33) is **DENIED** as to Plaintiff's:

1. Driver hiring and promotion claims arising between August 19, 2020, and July 15, 2021;
2. Accommodation claims arising from August 19, 2020, through the present.

This case is **REMANDED** to the Magistrate for a recommendation on the remaining Motions for Summary Judgment (Dkt. Nos. 43 & 49).

Signed on this 22nd day of May, 2025.

Rolando Olvera
United States District Judge