

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GABRIEL BRANDON GARZA,<br>"Plaintiff," | § § § | |
| v. | § § | Civil Action No. 1:23-cv-00097 |
| UNITED PARCEL SERVICE, INC.<br>"Defendant." | § § § § | |

## ORDER

Before the Court is the "Magistrate Judge's Report and Recommendation" (Dkt. No. 73) ("R&R") and Defendant's "Objections to Report & Recommendation…" (Dkt. No. 74) ("Objections").

### I.   BACKGROUND

This is a disability discrimination case under Chapter 21 of the Texas Labor Code ("TCHRA"). Dkt. No. 11; Tex. Labor Code § 21.001. Following this Court's previous Order (Dkt. No. 72), the only remaining claims are Plaintiff's (1) driver promotion claims arising between August 19, 2020, and June 15, 2021; and (2) accommodation claims arising from August 19, 2020, to present. This R&R addresses Plaintiff's and Defendant's cross motions for summary judgment (Dkt. Nos. 43 & 49).

### II.   LEGAL STANDARD

If a party objects to a magistrate's ruling, the district court will review that determination de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). If no objection is made, the appropriate standard of review is "clearly erroneous, abuse of discretion and contrary to law." *Id.*

### III.   DISCUSSION

Defendant objects to the Magistrate's recommendation that summary judgment be denied as to Plaintiff's reasonable accommodation claims. Defendant argues that the R&R does not address the "reasonableness" element of Plaintiff's accommodation claims.

To defeat a defendant's motion for summary judgment, a plaintiff need only show that an 'accommodation' seems reasonable on its face. *US Airways, Inc. v. Barnett*, 535 U.S. 391, 401-02 (2002). Plaintiff, a deaf individual, alleges he was denied effective translation or interpretation

during daily PCM meetings. Dkt. No. 57-14 at 2. Translation or interpretation for deaf individuals is an accommodation that is reasonable on its face. See 42 U.S.C. 12103(1)(A).

Defendant argues that they provided sufficient accommodations for Plaintiff to understand the PCM meetings and that any further requests by Plaintiff were unreasonable. This merely creates a genuine dispute of fact for the jury to decide. Thus, Defendant's Objection is **OVERRULED.**

This Court finds no clear error, abuse of discretion, or finding contrary to law in the remainder of the R&R.

## IV.   CONCLUSION

For these reasons, the R&R (Dkt. No. 73) is **ADOPTED.** Summary Judgment is **GRANTED** as to the following issues:

1. Plaintiff is disabled under the ADA, 42 U.S.C. 12101 et seq.;
2. Defendant is precluded from raising a direct threat affirmative defense under the ADA;
3. Plaintiff was not qualified to work as a driver from April 4, 2021, to June 15, 2021; and
4. Plaintiff is precluded from pursuing driver accommodation claims arising from April 4, 2021, to April 4, 2022, and from May 22, 2022, to October 8, 2023.

Summary Judgment is **DENIED** as to all other issues. The following claims are **DISMISSED with prejudice**:

1. Plaintiff's driver and promotion claims arising after April 4, 2021; and
2. Plaintiff's driver accommodation claims arising from April 4, 2021, to April 4, 2022, and from May 22, 2022, to October 8, 2023.

Signed on this ___2nd___ day of July 2025.

Rolando Olvera
United States District Judge

2